## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNETH BARON** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **AMTRUST INSURANCE** | * | **JUDGE** |
| **COMPANY OF KANSAS, INC. ET AL** | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | |
| | * | **JURY DEMANDED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

TO:   The Honorable Judges of the
United States District Court for the
Middle District of Louisiana

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants, Martin Valdez, Southwest Pipe Services, Inc., and AmTrust Insurance Company of Kansas, Inc., in the proceeding entitled *Kenneth Baron v. AmTrust Insurance Company of Kansas, Inc., Southwest Pipe Services, Inc., Martin Valdez, Protective Insurance Company, Federal Express Corporation and Jasmine Ramsey*, pending in Division "B" of the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana and bearing docket number 45970, hereby remove this proceeding to the United States District Court for the Middle District of Louisiana.

A copy of this Notice of Removal is being served upon Jeffrey N. Rabb, of the law firm Dudley DeBosier Injury Lawyers, PLC, 1075 Government Street, Baton Rouge, Louisiana 70802, as counsel of record for plaintiff and a copy of said Notice of Removal is being filed with the Clerk of Court for the 18th Judicial District Court for the Parish of West Baton Rouge in

conformity with 28 U.S.C. § 1446(d). Defendants appear for the purpose of removal only and for no other purpose and, reserving all rights and defenses, state as follows:

I.

On April 22, 2020, plaintiff, Kenneth Baron, filed a Petition for Damages captioned *Kenneth Baron v. AmTrust Insurance Company of Kansas, Inc., Southwest Pipe Services, Inc., Martin Valdez, Protective Insurance Company, Federal Express Corporation and Jasmine Ramsey,* in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, which is within the jurisdictional boundaries of the Middle District of Louisiana.[1]

II.

According to the allegations of the Petition for Damages, plaintiff seeks recovery of damages for bodily injury sustained during a motor vehicle accident caused by the alleged negligence of Martin Valdez and Jasmine Ramsey. The nature of this action is more fully stated in the attached Petition for Damages.

III.

On June 5, 2020, Jasmine Ramsey filed a Petition for Damages captioned *Jasmine Ramsey, Individually v. State Farm Mutual Automobile Insurance Company and Martin Valdez*, in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana regarding the same motor vehicle accident.[2] She later supplemented her Petition for Damages to include additional defendants.[3]

IV.

As a result, on August 12, 2020, defendants, Martin Valdez, Southwest Pipe Services, Inc., and AmTrust Insurance Company of Kansas, Inc., filed an Unopposed Motion to

---

[1] Exhibit "A" Plaintiff's Petition for Damages.
[2] Exhibit "B" Jasmine Ramsey's Petition for Damage.
[3] Exhibit "C" Jasmine Ramsey's First Supplemental and Amended Petition for Damages.

Consolidate, as both suits arose out of the same set of facts.[4] Consequently, the Order was signed on August 31, 2020, consolidating the two suits.[5] Specifically, the Order states that "both matters shall proceed jointly…for purposes of both discovery and trial."[6]

V.

Although the suits filed by Kenneth Baron and Jasmine Ramsey have been consolidated, the "[c]onsolidation of actions…is a procedural convenience designed to avoid multiplicity of actions and does not cause a case to lose its status as a procedural entity."[7] Further, "[c]onsolidation does not merge the actions unless the records clearly reflect an intention to do so."[8] Thus, defendants have the right to remove solely the Kenneth Baron suit regardless of the fact that it is currently consolidated with the Jasmine Ramsey suit in the 18th Judicial District for the Parish of West Baton Rouge, State of Louisiana.[9]

VI.

On February 23, 2021, defendants, Martin Valdez, Southwest Pipe Services, Inc., and AmTrust Insurance Company of Kansas, Inc., filed a Stipulation of Facts and Law, which stipulates that on June 14, 2019, Martin Valdez was driving a 2017 Ford F-250 on Louisiana Highway 1 North in West Baton Rouge Parish when he struck the rear of a 2018 Mercedes Sprinter van operated by Jasmine Ramsey, causing the 2018 Mercedes Sprinter van to strike the rear of the 2019 Nissan Sentra operated by Keith Delong, which subsequently struck the rear of the 2017 Ford F-150 operated by Kenneth Baron.[10] Defendants also stipulate that at the time of

---

[4] Exhibit "D" Unopposed Motion to Consolidate.
[5] Exhibit "E" Order on Unopposed Motion to Consolidate.
[6] *Id*.
[7] *Lerille v. Monsanto Corp.*, No. CIV. A. 07-3621, 2007 WL 2284570, at *3 (E.D. La. Aug. 6, 2007) (quoting *Howard v. Hercules-Gallion Co.*, 417 So.2d 508, 511 (La. Ct. App. 1st Cir. 1982)).
[8] *Lerille v. Monsanto Corp.*, No. CIV. A. 07-3621, 2007 WL 2284570, at *3 (E.D. La. Aug. 6, 2007) (citing *Voth v. American Home Assur.Co.*, 219 So. 2d 236, 240 (La. Ct. App. 1969)).
[9] *Lerille v. Monsanto Corp.*, No. CIV. A. 07-3621, 2007 WL 2284570, at *3 (E.D. La. Aug. 6, 2007).
[10] Exhibit "F" Stipulation of Facts and Law.

the accident, Martin Valdez was in the course and scope of his employment with Southwest Pipe Services, Inc.[11] Further, defendants stipulate that the accident was caused solely by the negligence and fault of Martin Valdez and that Southwest Pipe Service, Inc. is vicariously liable for the negligent acts of Martin Valdez.[12] Moreover, defendants stipulate that neither Jasmine Ramsey nor Kenneth Baron nor any other person or entity who is not a party to this suit was negligent or at fault for causing the accident and Martin Valdez's negligence is solely the cause of the accident and he is 100% responsible and liable for this accident.[13] The Order, enforcing the Stipulation of Facts and Law, was signed on March 10, 2021.[14]

VII.

Once the Order regarding the Stipulation of Facts and Law was entered, it became clear that Kenneth Baron would be unable to recover against Jasmine Ramsey in the proceeding entitled *Kenneth Baron v. AmTrust Insurance Company of Kansas, Inc., Southwest Pipe Services, Inc., Martin Valdez, Protective Insurance Company, Federal Express Corporation and Jasmine Ramsey*.

**BASIS FOR REMOVAL**

VIII.

Removal is proper pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,0000, excluding interest and costs in the proceeding entitled *Kenneth Baron v. AmTrust Insurance Company of Kansas, Inc., Southwest Pipe Services, Inc., Martin Valdez, Protective Insurance Company, Federal Express Corporation and Jasmine Ramsey*.

---

[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

## **COMPLETE DIVERSITY BETWEEN THE PARTIES**

IX.

Per the allegations of the Petition for Damages, plaintiff, Kenneth Baron, was and is a resident of the Parish of East Baton Rouge, State of Louisiana, both at the time of filing this suit and at the time of removal. Thus, plaintiff is a citizen of the State of Louisiana for diversity purposes.

X.

Upon information and belief, defendant, Martin Valdez, was and is a resident of the County of Bazoria, State of Texas, both at the time of filing this suit and at the time of removal. Thus, plaintiff is a citizen of the State of Texas for diversity purposes.

XI.

Upon information and belief, defendant, Southwest Pipe Services, Inc., was and is incorporated in the State of Texas with its principal place of business in the State of Texas, both at the time of filing this suit and at the time of removal. It was not, and is not, incorporated in Louisiana and it has never had its principal place of business in Louisiana. Thus, Southwest Pipe Services, Inc. is a citizen of the State of Texas for diversity purposes.

XII.

Upon information and belief, defendant, AmTrust Insurance Company of Kansas, Inc., was incorporated in the State of Kansas at the time of filing this suit and is now incorporated in the State of Delaware at the time of removal with its principal place of business in the State of Texas. It was not, and is not, incorporated in Louisiana and it has never had its principal place of business in Louisiana. Thus, AmTrust Insurance Company of Kansas, Inc. is a citizen of the States of Kansas, Delaware, and Texas for diversity purposes.

XIII.

Upon information and belief, defendant, Protective Insurance Company, was and is incorporated in the State of Indiana with its principal place of business in the State of Indiana, both at the time of filing this suit and at the time of removal. It was not, and is not, incorporated in Louisiana and it has never had its principal place of business in Louisiana. Thus, Protective Insurance Company is a citizen of the State of Indiana for diversity purposes.

XIV.

Upon information and belief, defendant, Federal Express Corporation, was and is incorporated in the State of Delaware with its principal place of business in the State of Tennessee, both at the time of filing this suit and at the time of removal. It was not, and is not, incorporated in Louisiana and it has never had its principal place of business in Louisiana. Thus, Federal Express Corporation is a citizen of the States of Delaware and Tennessee for diversity purposes.

XV.

Upon information and belief, although she has yet to be served with the Petition for Damages, defendant, Jasmine Ramsey, at the time of filing this suit and at the time of removal, was and is a resident of the Parish of East Baton Rouge, State of Louisiana. However, the citizenship of Jasmine Ramsey should be ignored for purposes of diversity because she has been fraudulently joined, as there is no possibility of recovery by plaintiff against Jasmine Ramsey.[15] Specifically, as stated above, defendants, Martin Valdez, Southwest Pipe Services, Inc., and AmTrust Insurance Company of Kansas, Inc., filed a Stipulation of Facts and Law establishing that Jasmine Ramsey was not negligent or at fault for causing the accident, and that Martin Valdez's negligence is solely the cause of the accident and he is 100% responsible and liable for

---

[15] *See Smallwood v. Illinois Cent. R. Co.,* 385 F. 3d 568, 573 (5th Cir. 2004).

this accident.[16] Thus, Jasmine Ramsey's citizenship should be disregarded for the purposes of establishing diversity of citizenship between the parties because she was fraudulently joined.[17]

XVI.

As this Court knows, there are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[18] As mentioned above, Jasmine Ramsey, the only non-diverse party, has been fraudulently joined because the plaintiff will be unable to establish a cause of action against her in state court. The defendants are able to show that "there is no possibility of recovery by the plaintiff against an in-state defendant" because the Stipulation of Facts and Law states that Jasmine Ramsey, the in-state defendant, is not liable for the subject motor vehicle accident, eliminating the plaintiff's possibility of recovery against her.[19]

## AMOUNT IN CONTROVERSY

XVII.

Additionally, removal is proper pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000, exclusive of interest and costs.

XVIII.

In plaintiff's Petition for Damages, he alleges the following damages: physical pain and suffering (past, present and future); mental anguish (past, present and future); loss of enjoyment of life (past, present and future); disfigurement and disability; medical expenses (past, present and future); lost wages/earnings (past, present and future); and other elements of damages

---

[16] Exhibit "F" Stipulation of Facts and Law.
[17] *See Dalal v. United Specialty Ins. Co.*, No. 20-CV-0144, 2020 WL 7051255 (W.D. La. Nov. 9, 2020).
[18] *Smallwood v. Illinois Cent. R. Co.,* 385 F. 3d 568, 573 (5th Cir. 2004).
[19] *Id.*

7

developed during discovery and/or demonstrated with particularity at the trial of this matter.[20]

XIX.

Further, throughout the course of discovery, it has been ascertained that the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically, plaintiff has allegedly incurred more than $17,000 in medical expenses,[21] an MRI from Imaging Center of Louisiana revealed a disc herniation at C6-7,[22] and plaintiff has undergone at least one cervical ESI.[23] Thus, plaintiff's damages exceed the $75,000 jurisdictional threshold for diversity jurisdiction.

**TIMELINESS OF REMOVAL**

XX.

This Notice of Removal is timely. According to 28 U.S.C. § 1446(b)(3), "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper form which it may first be ascertained that the case is one which is or has become removable."

XXI.

Although plaintiff filed his Petition for Damages on April 22, 2020, and defendants, Martin Valdez, Southwest Pipe Services, Inc., AmTrust Insurance Company of Kansas, Inc., Protective Insurance Company, and Federal Express Corporation, were served thereafter, information regarding Jasmine Ramsey's involvement in the accident was limited at that time. However, after moving forward with discovery, defendants, Martin Valdez, Southwest Pipe Services, Inc., and AmTrust Insurance Company of Kansas, Inc., filed the Stipulation of Facts

---

[20] Exhibit "A" Kenneth Baron's Petition for Damages, para 12.
[21] Exhibit "G" Plaintiff's Medical Bills.
[22] Exhibit "H" Plaintiff's Medical Records from Imaging Center of Louisiana.
[23] Exhibit "I" Plaintiff's Medical Records from The Spine Diagnostic Pain and Treatment Center – Baton Rouge.

and Law and the Order was signed by the Judge on March 10, 2021, which as discussed above, eliminates any potential fault being assigned to Jasmine Ramsey. As a result, Jasmine Ramsey was fraudulently joined, making her citizenship irrelevant for diversity purposes. Accordingly, this Notice of Removal is being filed within thirty (30) days after the signed Order regarding the Stipulation of Facts and Law and within one (1) year of the filing of the Petition for Damages in compliance 28 U.S.C. § 1446(c).

XXII.

Counsel for all remaining defendants, Protective Insurance Company, Federal Express Corporation, and Jasmine Ramsey, have consented to the filing of this Notice of Removal as required by 28 U.S.C. §1446(2)(A).[24]

XXIII.

Based on the allegations for damages set forth in the Petition for Damages, the information obtained throughout discovery, and the Stipulation of Facts and Law, the above captioned action is therefore removable to this United States District Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

Accordingly, defendants, Martin Valdez, Southwest Pipe Services, Inc., and AmTrust Insurance Company of Kansas, Inc., respectfully pray that the above-captioned action be removed to this Court, the United States District Court for the Middle District of Louisiana, in accordance with the provisions of 28 U.S.C. § 1441, *et seq*.

---

[24] Exhibit "J" Consent to Removal.

9

Respectfully submitted,

PLAUCHÉ MASELLI PARKERSON LLP

/s/ R. Heath Savant
R. HEATH SAVANT (Bar No. 29670)
MARK T. ASSAD (Bar No. 35029)
2431 S. Acadian Thruway, Suite 230
Baton Rouge, LA 70808
Telephone: (225) 240-7688
Fax: (225) 406-7797
Email: hsavant@pmpllp.com
Email: massad@pmpllp.com
***Attorneys for Martin Valdez, Southwest Pipe Services, Inc., and Amtrust Insurance Company of Kansas, Inc.***

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 9th day April, 2021, served a copy of the foregoing pleading on counsel for all parties to this proceeding by email or facsimile and/or mailing the same by United States Mail, properly addressed and first class postage prepaid.

*/s/ R. Heath Savant*