UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH BARON                        CIVIL ACTION

VERSUS                             NO. 21-204-JWD-SDJ

AMTRUST INSURANCE COMPANY OF

KANSAS, INC., ET AL

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 23, 2021.

                                               **SCOTT D. JOHNSON**
                                               **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH BARON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-204-JWD-SDJ** |
| **AMTRUST INSURANCE COMPANY OF KANSAS, INC., ET AL** | |

## REPORT AND RECOMMENDATIONS

Before the Court is a *Motion to Remand* (R. Doc. 6), filed by Plaintiff, Kenneth Baron. Defendants, Martin Valdez, Southwest Pipe Services, Inc., and AmTrust Insurance Company of Kansas, Inc., oppose the motion (R. Doc. 7).

### I.   Background

Plaintiff filed a *Petition for Damages* in the 18th Judicial District Court for the Parish of West Baton Rouge on April 23, 2020, against Martin Valdez, Southwest Pipe Services, Inc., AmTrust Insurance Company of Kansas, Inc., Protective Insurance Company, Federal Express Corporation, and Jasmine Ramsey. The suit alleges that Plaintiff suffered personal injuries in a motor vehicle accident that occurred on June 14, 2019, in Port Allen, Louisiana. Plaintiff alleges he was injured in a chain-reaction collision started by a vehicle driven by Martin Valdez (owned by Southwest Pipe Services, Inc), who rear-ended a vehicle driven by Jasmine Ramsey (owned by Federal Express), who rear-ended Keith Delong, who ultimately rear-ended Plaintiff.[1] The *Petition for Damages* asserts liability against Martin Valdez and Jasmine Ramsey, and vicarious liability against their employers, Southwest Pipe Services, Inc., and Federal Express Corporation, respectively.

---

[1] On August 31, 2020, the suit was consolidated with *Jasmine Ramsey v. State Farm et al.* (R. Doc. 1-5).

On February 26, 2021, Martin Valdez, Southwest Pipe Services, Inc., and AmTrust Insurance Company of Kansas, Inc., filed a "Stipulation of Facts and Law" into the record at the 18th Judicial District Court, stating, *inter alia*:

> 3. Defendants further stipulate the accident was caused solely by the negligence and fault of Defendant, Martin Valdez, and that Defendant, Southwest Pipe Service, Inc., is vicariously liable for the negligent acts of Martin Valdez.
>
> 4. Defendants further stipulate that neither Plaintiff, Jasmine Ramsey, nor Plaintiff, Kenneth Baron, nor any other person or entity who is not a party to this suit was negligent or at fault for causing the accident and that Defendant, Martin Valdez's negligence is solely the cause of the accident and he is 100% responsible and liable for this accident.[2]

The state court judge signed the "Stipulation of Facts and Law" on March 10, 2021. The document does not indicate that any party joined the stipulation or agreed to its contents other than Martin Valdez, Southwest Pipe Services, Inc., and AmTrust Insurance Company of Kansas, Inc.

The same three Defendants, Martin Valdez, Southwest Pipe Services, Inc., and AmTrust Insurance Company of Kansas, Inc. ("Removing Defendants") filed a *Notice of Removal* on April 9, 2021, alleging federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] The Removing Defendants' *Notice of Removal* argues that the non-diverse Defendant, Jasmine Ramsey, is fraudulently joined and her Louisiana citizenship should be disregarded for purposes of federal jurisdiction.[4] The Removing Defendants contend there is no possibility of recovery by Plaintiff against Jasmine Ramsey based on the "Stipulation of Facts and Law" filed in state court. The Removing Defendants further contend the requisite $75,000 amount in controversy is met because Plaintiff has incurred more than $17,000 in medical expenses and has a disc herniation at C6-7.

---

[2] R. Doc. 1-6.
[3] R. Doc. 1. Protective Insurance Corporation and Federal Express Corporation filed a *Consent to Removal*, which was attached to the *Notice of Removal* (R. Doc. 1-10).
[4] The *Notice of Removal* avers Martin Valdez is a citizen of Texas; Jasmine Ramsey is a citizen of Louisiana; Southwest Pipe Services, Inc. is a citizen of Texas; AmTrust Insurance Company of Kansas, Inc. is a citizen of Kansas, Delaware, and Texas; Protective Insurance Company is a citizen of Indiana; and Federal Express Corporation is a citizen of Delaware and Tennessee (R. Doc. 1).

3

**II.     Law and Analysis**

**A. Legal Standard**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[5] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[6] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[7] Remand is proper if at any time the court lacks subject matter jurisdiction.[8]

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[9] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[10]

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper.[11] To meet its burden, the removing party must show an "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[12] In the latter situation,

---

[5] 28 U.S.C. § 1441(a).
[6] 28 U.S.C. § 1332(a)-(a)(1).
[7] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[8] *See* 28 U.S.C. § 1447(c).
[9] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).
[10] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").
[11] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).
[12] *Id.* at 646-47.

"the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[13]

Generally, a court should "conduct a Rule 12(b)(6)-type analysis ... to determine whether the complaint states a claim under state law against the in-state defendant."[14]. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined.[15] Although the court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff.[16] Additionally, "[t]he district court must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant."[17]

## B. Diversity of Citizenship

Plaintiff's *Petition for Damages* alleges Jasmine Ramsey was negligent for: "(i) following too closely; (ii) such other acts and omissions as will be shown on the trial, all of which were in convention of the exercise of due care, prudence, and the laws of the State of Louisiana, which are specially pleaded as if as though copied *in extenso*."[18] In Louisiana, drivers have a duty to other motorists to use reasonable care in operating their vehicles and following vehicles must maintain

---

[13] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).
[14] *Id.* at 573.
[15] *Id.*
[16] *Travis*, 326 F.3d at 649.
[17] *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004) (quoting *Travis*, 326 F.3d at 649).
[18] R. Doc. 1-1, ¶ 9.

a reasonable distance behind the leading vehicle.[19] Under Louisiana law, a following motorist is presumed negligent when he rear-ends a leading motorist, but the following motorist can rebut this presumption by proving that he "kept his vehicle under control, closely observed the forward vehicle, and followed at a safe distance under the circumstances."[20]

Plaintiff has asserted a viable cause of action against Jasmine Ramsey for his injuries. Both parties agree that neither Jasmine Ramsey nor Martin Valdez have given a deposition in this matter.[21] Given the current state of discovery, the potential liability of Jasmine Ramsey has certainly not been foreclosed.[22] The Removing Defendants' "Stipulation of Facts and Law" is also not determinative of this Court's jurisdiction. "[P]arties ... may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."[23] Because Plaintiff has stated a claim against the non-diverse Defendant, Jasmine Ramsey, the case should be remanded to the 18th Judicial District Court for the Parish of West Baton Rouge.

### C. Amount in Controversy

An independent review of the Plaintiff's *Petition for Damages* and the evidence submitted by Defendants with the *Notice of Removal* demonstrates that the amount in controversy is not

---

[19] *Andersen v. Craig*, 401 So.2d 1022, 1026 (La. Ct. App. 4th 1981).
[20] *Covington v. Hughes*, 402 So.2d 198, 200 (La. Ct. App. 1st Cir. 1981) (citing *Eubanks v. Brasseal*, 310 So.2d 550, 553 (La. 1975)).
[21] R. Doc. 6-2. p. 2; R. Doc. 7, pp. 1-2. The parties disagree about whether Plaintiff has requested the deposition of Jasmine Ramsey. This fact is not dispositive of diversity of citizenship analysis.
[22] Plaintiff refers to a "Uniform Motor Vehicle Traffic Crash Report" in his *Motion to Remand* (R. Doc. 6-2, p. 2-3), which allegedly faulted Jasmine Ramsey for following too closely. Plaintiff did not attach the report to his motion. Removing Defendants do not dispute the accuracy of the representation of the report's content in their opposition, only the weight that should be given the report; arguing the report is inadmissible. Removing Defendants also argue that Keith Delong, a non-party, was also faulted in a report for following too closely, which is evidence that Plaintiff named Jasmine Ramsey solely for the purpose of destroying diversity. The fact that the Removing Defendants do not dispute the Plaintiff's representation of the contents of the crash report supports the conclusion that there is a possibility of recovery against Jasmine Ramsey.
[23] *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 786 (5th Cir. 2012). *Cf. Dalal v. United Specialty Ins. Co.*, 2020 WL 7051255, at *3–5 (W.D. La. Nov. 9, 2020) (stipulation of facts appropriate in chain reaction rear-end collision after discovery revealed no liability of middle driver).

met.[24] Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[25] When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[26] The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[27] Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[28]

It is not facially apparent from the Petition that Plaintiff's claims likely exceed the federal jurisdictional amount. There are no allegations of specific injuries. Plaintiff's demands for general categories of damages (*e.g.*, physical pain and suffering, mental anguish, medical expenses, loss of enjoyment of life, lost wages, etc.),[29] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[30] Further, the Petition does not provide any information regarding

---

[24] Plaintiff's *Motion to Remand* does not dispute the amount in controversy. The Court raises the issue *sua sponte*. *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[25] La. Code Civ. P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[26] *Luckett*, 171 F.3d at 298 (*citing De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[27] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).
[28] *De Aguilar*, 47 F.3d at 1412.
[29] R. Doc. 1-2, ¶ 12.
[30] *Davis v. JK & T Wings, Inc.*, 2012 WL 278728, *3 (M.D. La. Jan. 6, 2012) and cases cited therein.

7

Plaintiff's claimed medical expenses, lost wages, etc. "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000."[31]  Based on the foregoing, the amount in controversy is not facially apparent from the Petition.

Since it is not facially apparent from the Petition that Plaintiff's damages will exceed the federal jurisdictional amount, the Court must next consider whether Removing Defendants have met their burden of proving, through summary judgment-type evidence, that the amount in controversy in this case is likely to exceed $75,000. Regarding summary judgment-type evidence, the Removing Defendants rely exclusively on Plaintiff's medical records.[32] However, Plaintiff's medical records do not establish, by a preponderance of the evidence, that the amount in controversy is met.

The Plaintiff's medical records indicate he has been diagnosed with a herniated cervical disc at C6-7. The Plaintiff's treatment has involved physical therapy and an epidural steroid injection. Defendants contend "Plaintiff incurred more than $17,000 in medical expenses."[33]  The medical records contain little information about Plaintiff's prognosis and recommended future treatment. The epidural steroid injection was performed on December 3, 2019; fifteen months prior

---

[31] *Broadway v. Wal-Mart Stores, Inc.*, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (*citing Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)).  *See also Torres v. Mall of Louisiana, LLC*, 2017 WL 6884347, at *3 (M.D. La. Dec. 5, 2017) ("While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages.  Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000."); *Tucker v. Cincinnati Ins. Co.*, 2017 WL5762436, at *3 (M.D. La. Aug. 24, 2017) ("'Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test.'") (*quoting Davis v. JK & T Wings, Inc.*, 2012 WL 278728, at * 3 (M.D. La. Jan. 6, 2012) (collecting cases)).
[32] *See,* R. Docs. 1-7, 1-8, 1-9.
[33] R. Doc. 1, ¶ 19.

8

to removal. The last date of any medical treatment was a physical therapy visit on January 9, 2020. None of the medical records include a recommendation for surgical intervention.[34]

Even for herniated discs, "[t]his court recognizes that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended."[35] "Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record."[36] There is nothing in the record indicating that Plaintiff was recommended for surgery at the time of removal. In summary, the limited summary judgment-type evidence relating to Plaintiff's injuries, standing alone, is insufficient to meet the jurisdictional threshold. Furthermore, while the Petition demands "lost wages" and "loss of earning capacity,"[37] there is no evidence of the amount of Plaintiff's lost wages or inability to work or how many days of work he missed, if any.

Any doubt as the existence of subject matter jurisdiction is resolved in favor of remand.[38] The amount in controversy is not facially apparent from the Petition, and the Removing Defendants have not met their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.[39] Accordingly, the undersigned

---

[34] R. Docs. 1-7, 1-8, 1-9.
[35] *Thomas v. Louis Dreyfus Commodities, LLC,* 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016) *citing Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D. La. Apr. 28, 2011).
[36] *Thomas*, 2016 WL 1317937 at *4: "*See, e.g., Hebert v. Hanco Nat. Ins. Co*., No. 07–362, 2009 WL 255948, at *4–5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff 'suffers from a herniated disc, without any recommendation for surgery' and the plaintiff 'continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish'); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a 'herniated cervical disc [or] segmental cervical instability' and a 'herniated lumbar disc [or] segmental lumbosacral instability' and was a 'potential surgical candidate' and plaintiff stipulated that his damages did not exceed $50,000).
[37] R. Doc. 1-2, ¶ 8.
[38] *Gasch*, 491 F.3d at 281-82. *See also Manguno*, 276 F.3d at 723 ("[A]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").
[39] "Because Defendant has not shown by a preponderance of the evidence that the amount in controversy likely exceeds the jurisdictional amount, the Court has no need to consider whether Plaintiffs can show to a legal certainty that they

recommends that this matter be remanded to the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana.[40]

### D. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 6) be **GRANTED** and this action remanded to the 18th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

**IT IS FURTHER RECOMMENDED** that the parties bear their own costs.

Signed in Baton Rouge, Louisiana, on November 23, 2021.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

will not be able to recover in excess of that amount." *Medina v. Allstate Vehicle and Property Insurance Company*, 458 F. Supp. 3d 591, 601 (W.D. Tex. May 1, 2020).
[40] Plaintiff's claims in this case assert violations of state law; therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.